# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDEL BECK,

          Appellant,

      v.

DEPARTMENT OF DEFENSE,

          Agency.

DOCKET NUMBER
SF-0752-19-0647-I-1

DATE:  July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeremy R. Stephens, Esquire, and Nini Stewart, Esquire, Atlanta, Georgia,
   for the appellant.

Christine Yen, Stockton, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to analyze the appellant's retaliation claim under the standards applicable to the Age Discrimination in Employment Act of 1967 (ADEA), we AFFIRM the initial decision.

The appellant alleges that he was removed in retaliation for filing an informal age discrimination complaint on January 14, 2019. In the initial decision, the administrative judge considered the appellant's affirmative defense as a retaliation claim under 42 U.S.C. § 2000e-16. Initial Appeal File (IAF), Tab 22, Initial Decision (ID) at 13-15. Applying the framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25, the administrative judge found that the appellant had failed to meet his initial burden of showing that his equal employment opportunity (EEO) activity was a motivating factor in his removal. ID at 13-15.

We find, however, that the administrative judge should have instead considered the appellant's affirmative defense as a retaliation claim under the ADEA. The Federal sector provision of the ADEA provides that personnel actions "shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). The Supreme Court has held that this provision is sufficiently broad to prohibit retaliation against an employee who, like the appellant, complains of age

discrimination. *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). Thus, the appellant's retaliation claim is cognizable under the ADEA—and not 42 U.S.C. § 2000e-16, which makes no reference to age.

The Court has clarified that the language of 29 U.S.C. § 633a(a) "demands that personnel actions be untainted by *any* consideration of age." *Babb v. Wilkie*, 140 S. Ct. 1168, 1171 (2020) (emphasis added). Hence, to establish a violation of that section, it is sufficient to show that age was a motivating factor in the personnel action, even if it was not the "but-for" cause of the personnel action. *See id*. at 1177-78; *see also Ford v. Mabus*, 629 F.3d 198, 205-06 (D.C. Cir. 2010) ("[A]ny amount of discrimination tainting a personnel action . . . means that the action was not 'free from any discrimination based on age.' 'Any,' after all, means 'any.'"); *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012) (holding that a Federal employee may prove age discrimination by showing that age was "a factor" in the personnel action, even if it was not the "but-for" cause); *see also Pridgen*, 2022 MSPB 31, ¶¶ 20-21.

Applying the correct standard, we find that the appellant has not shown that his age discrimination complaint was a motivating factor in the agency's decision to remove him. Evidence of motivating factor may take different forms, including both direct evidence of discriminatory intent and various sorts of circumstantial evidence, alone or in combination. *Pridgen*, 2022 MSPB 31, ¶ 24. However, the Board has further clarified that, in assessing the evidence, it does not separate "direct" from "indirect" evidence and proceed as if such evidence were subject to different legal standards. *Id*. Rather, the dispositive inquiry is whether the appellant has shown by the preponderance of the evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Id*. In making that determination, the Board considers the evidence as a whole. *Id*.

Here, the appellant argues that he met his burden of proof based solely on the fact that the notice of proposed removal and subsequent removal decision

took place within a few months after his January 14, 2009 EEO contact. PFR File, Tab 1 at 28-29. It is true that "suspicious timing," in combination with other "bits and pieces of evidence"—such as "ambiguous statements" or "behavior toward or comments directed to other members of the protected group"—may help to compose a "convincing mosaic of retaliation," which is one of several means of establishing that protected EEO activity was a motivating factor in a personnel action. *Pridgen*, 2022 MSPB 31, ¶ 24. However, considering the evidence as a whole, we find that the timing of the events is insufficient to meet the appellant's burden of proof, particularly given the absence of any other evidence of retaliation and the deciding official's unrebutted declaration, under penalty of perjury, that the appellant's EEO complaint played no role in his decision to remove him. IAF, Tab 17 at 16 (declaration of the deciding official); *see also* IAF, Tab 6 at 31 (decision letter). In addition, while this fact alone is not dispositive, the record indicates that the proposing official had already initiated some form of disciplinary proceeding against the appellant on January 10, 2019, prior to his age discrimination complaint. IAF, Tab 6 at 98 (Employee/Supervisor Discussion form), Tab 17 at 21 (declaration of the proposing official). In sum, although the administrative judge applied the wrong statute in addressing the appellant's retaliation claim, we agree with her ultimate conclusion that the appellant failed to establish his affirmative defense.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.